**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**


ZACHARIAH SHEEHAN,
        Plaintiff

v.                                                                            C.A. No. 12-404-ML

BROADBAND ACCESS SERVICES, INC.
        Defendant


**ORDER AND MEMORANDUM**

Mary M. Lisi, Chief United States District Court Judge.

    The Plaintiff in this case, Zachariah Sheehan ("Sheehan"), seeks damages for an alleged violation of Rhode Island General Laws § 28-6.5-1 ("Urine and Blood Tests as a Condition of Employment") by his employer, Broadband Access Services, Inc. ("Broadband"). The matter is before the Court on Sheehan's motion to remand the case to the Rhode Island Superior Court. Broadband opposes the motion on the ground that Sheehan's claim is preempted by the Federal Omnibus Transportation Employee Testing Act ("FOTETA"), 49 U.S.C. § 31306 (2006).

**I. Factual Summary and Procedural History**

    Sheehan worked as a senior foreman for Broadband, which provides services to cable companies. Pl.'s Mem. Supp. Obj. Mot. Dismiss ("Pl. Mem.") 1. On or around April 25, 2012, Sheehan was working "in the bucket" of one of Broadband's trucks with a crew

"lashing up fiber." Pl. Mem. 1. According to Sheehan, there was a miscommunication which resulted in an accident. Pl. Mem. 1-2. In the confusion, fibers were pulled out of the case that Sheehan was hanging, and the case was damaged. Id.  After the accident, Broadband suspended Sheehan and required him to undergo drug testing. Complaint ¶¶ 5, 8. Sheehan tested positive for marijuana. Complaint ¶ 9. Broadband continued Sheehan's suspension and advised Sheehan that, if he completed a substance abuse treatment program, he would be reinstated. Complaint ¶¶ 10, 11.

On or about May 17, 2012, Sheehan filed a complaint in Rhode Island Superior Court against Broadband. In his complaint, Sheehan alleged that, by requiring him to submit to drug testing, Broadband violated R.I. Gen. Laws § 28-6.5-1.[1] Complaint ¶ 12. Sheehan also maintained that "he has not used controlled substances in a fashion which has impaired his ability to perform his job" and that he has no need to enter a treatment program. Complaint ¶ 13.

On May 29, 2012, Broadband removed the case to this Court,

---

[1] Rhode Island's testing statute places certain conditions on the right of an employer to require that an employee submit to a drug test, including, *inter alia*, that "[t]he employer has reasonable grounds to believe based on specific aspects of the employee's job performance and specific contemporaneous observations, capable of being articulated, concerning the employee's appearance, behavior or speech that the employee's use of controlled substances is impairing his or her ability to perform his or her job."  R.I. Gen. Laws § 28-6.5-1(a)(1).

2

asserting jurisdiction based on diversity[2] and the existence of a federal question under the Federal Omnibus Transportation Employee Testing Act, 49 U.S.C. § 31306 (2006). Notice of Removal ¶¶ 1, 7, 9. On June 13, 2012, Sheehan filed a motion to remand the action to state court. Docket # 9. Broadband has objected to Sheehan's motion. Docket # 10.  Following a hearing on August 9, 2012, the Court granted Sheehan's motion and advised that it would issue a written Memorandum and Order.

**II. Standard of Review**

Removal of a state-court action to federal court is proper only if the federal court has original jurisdiction. 28 U.S.C. § 1441 (2006); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972)(question is "whether the federal district court would have had original jurisdiction of the case had it been filed in that court."). Absent diversity jurisdiction, a federal question must be present in order for the Court to exercise jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. at 392 (noting that, generally, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

---

[2] Defendant has since dropped its assertion of diversity jurisdiction. Def.'s Mem. Supp. Obj. to Pl.'s Mot. Rem. ("Def. Mem.") 2.

pleaded complaint.").

If subject matter jurisdiction is challenged by a party, the Court "should resolve that question before weighing the merits of a pending action." Morales Feliciano v. Rullan, 303 F.3d 1, 6 (1st Cir. 2002). The case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The burden of establishing federal jurisdiction is upon the party who removed the case to federal court. BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America, IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997)(noting that "removing party bears the burden of persuasion vis-à-vis the existence of federal jurisdiction.").

Removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Ambiguities "as to the source of law relied upon by the [...] plaintiffs ought to be resolved against removal." Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004). See also Franquicias Nativas, Inc. v. Cleridel Corp., No. 11-1934 (MEL), 2012 WL 1575723, at *1 (D.P.R. May 3, 2012) ("When plaintiff and defendant clash about jurisdiction, 'all doubts should be resolved in favor of remand.'") (citations omitted).

**III. Discussion**

Under the well-pleaded complaint rule, the Court's analysis is generally limited to the face of the complaint to determine whether a federal question has been pleaded. Caterpillar v. Williams, 482 U.S. at 392, 107 S.Ct. 2425; BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America, IAMAW Dist. Lodge 4, 132 F.3d at 831 ("The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry – the 'well-pleaded complaint rule' – which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint."). Under the well-pleaded complaint rule, the plaintiff is "master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar v. Williams, 482 U.S. at 392, S.Ct. 2425.

By pleading a violation of R.I. Gen. Laws § 28-6.5-1 as his sole cause of action, Sheehan's claim is exclusively based on a state law. Broadband, on its part, asserts that Sheehan's claim is preempted by FOTETA, 49 U.S.C. § 31306, and it maintains that, on this basis, the Court has federal jurisdiction over the claim. In order to determine whether the Plaintiff is merely dressing a federal claim in state-law colors, the Court will look beneath the face of the complaint to discover the true nature of Sheehan's claim. BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America, IAMAW Dist. Lodge 4, 132 F.3d at

5

831.

A state claim may be re-characterized as a federal claim establishing federal question jurisdiction in "only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act [...] or when a federal statute wholly displaces the state-law cause of action through complete preemption." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). A third exception may exist when a complaint raises a substantial question of federal law. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern California, 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)("case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.") See also Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG., 510 F.3d 77, 93 (1st Cir. 2007)(apart from complete preemption, " a claim might be considered to 'arise under' federal law for jurisdictional purposes if . . . an adjudication of the state-law claim necessarily will involve the determination of a 'substantial federal question,'")(citing Almond v. Capital Props., Inc., 212 F.3d 20, 23 (1st Cir.2000)).

    a. Express Preemption

Express preemption "results from language in a statute

revealing an explicit congressional intent to preempt state law." Weaver's Cove Energy, LLC v. Rhode Island Coastal Res. Mgmt. Council, 589 F.3d 458, 472 (1st Cir. 2009)(finding preemption under the Natural Gas Act). The court must look to the ordinary meaning of the congressional language "with the qualification 'that the historic police powers of the States were not [meant] to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 365, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002) (internal citations omitted), *overruled in part on other grounds by* Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 123 S.Ct.1471, 155 L.Ed.2d 468 (2003).

By example, under the Price-Anderson Act, public liability claims arising out of nuclear accidents are unequivocally within the jurisdiction of the federal courts, and any action filed in state court may be removed to the district court. Price-Anderson Act, 42 U.S.C. § 2210 (2006). The language is absolute and explicit.

In contrast, the ordinary meaning of the congressional language contained in FOTETA does not show an "explicit congressional intent to preempt state law." Weaver's Cove Energy, LLC v. Rhode Island Coastal Res. Mgmt. Council, 589 F.3d at 472. FOTETA's preemption language states as follows:

>    (g) Effect on State and local government regulations.

7

> A State or local government may not prescribe or continue in effect a law, regulation, standard, or order <u>that is inconsistent with</u> regulations prescribed under this section. However, a regulation prescribed under this section may not be construed to preempt a State criminal law that imposes sanctions for reckless conduct leading to loss of life, injury, or damage to property. 49 U.S.C. § 31306(g) (emphasis added).

As such, the preemption language of FOTETA solely proscribes state laws that are inconsistent with the federal law; it follows that FOTETA provides for preemption only if there is a conflict between state and federal law. Preemption under FOTETA, if it exists, may be used as a defense to state law claims, but it does not, by itself, confer federal question jurisdiction. <u>Ten Taxpayer Citizens Group v. Cape Wind Assocs., LLC</u>, 373 F.3d 183, 191 (1st Cir. 2004)(Generally, asserted defense of preemptive effect of a federal statute does not confer "arising under" jurisdiction)(citations omitted).

b. Substantial Federal Question

A "substantial federal question" may exist where there is "not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.</u>, 545 U.S. 308, 313, 125 S.Ct. 2663, 162 L.Ed.2d 257 (2005). Generally, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action."

Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). The First Circuit has noted that, although the "substantial federal question" as a basis for federal jurisdiction has been affirmed "in the abstract" by the Supreme Court, the scope of the concept is unclear and it "should be applied with caution." Almond v. Capital Properties, Inc., 212 F.3d 20, 23 (1st Cir. 2000).

The district court in Burton v. Southwood Door Co., Mea, Inc., 305 F.Supp.2d 629, 634 (S.D.Miss. 2003), in addressing the "substantial federal question" exception to the well-pleaded complaint rule as it applies to FOTETA, concluded that no substantial federal question was raised thereby. The court explained that, in determining whether a substantial federal question exists, "the presence of a federal remedy in a statute is a minimum threshold requirement to determine whether Congress intended for federal courts to adjudicate state-court actions." Id. As concluded by the Supreme Court in Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. at 814, 106, S.Ct. 3229, "the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." 478 U.S. at 814. No federal remedy for private actions exists under FOTETA.

Byrne v. Massachusetts Bay Transp. Authority, 196 F.Supp.2d 77, 87 (D.Mass. 2002). See also Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 307-08 (6th Cir. 2000); Drake v. Delta Air Lines, Inc., 147 F.3d 169, 170-71 (2d Cir. 1998)(no implied private right of action for violation of FAA drug testing regulations); Burton v. Southwood Door Co., Mea, Inc., 305 F.Supp.2d at 634.

Because FOTETA does not provide a private remedy for plaintiffs, its invocation by defendants does not raise a substantial federal question and, therefore, it does not serve to create federal question jurisdiction in this case.

   c. Complete Preemption

Broadband contends that, because FOTETA may be applicable to the factual predicate of Sheehan's claim, the Rhode Island law is preempted and this Court must exercise jurisdiction over the case. Def. Mem. 3-4.

Complete preemption exists when "Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be *recharacterized* as a federal claim." Fayard v. Northeast Vehicle Services, LLC, 533 F.3d 42, 45 (1st Cir. 2008) (emphasis in original). The Supreme Court has found complete preemption in only three areas of federal law: ERISA, the Labor Management Relations Act, and the National Bank Act. Lontz v. Tharp, 413 F.3d 435, 441 (4th Cir. 2005)("[T]he Supreme Court has made it clear that it is 'reluctant' to find complete

preemption."). The Court concluded that complete preemption exists in statutes that provide "the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." Beneficial Nat'l. Bank v. Anderson, 539 U.S. at 8. To determine whether FOTETA preempts the field, "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive rather than on whether Congress intended that the cause of action be removable [...]." Id. at 9 n.5.

As previously noted, FOTETA does not provide plaintiffs with a private cause of action. Byrne v. Massachusetts Bay Transp. Auth., 196 F.Supp.2d at 87. In rejecting the plaintiffs' urging to imply a private right of action, the court in Byrne adopted the reasoning of the Second and the Sixth Circuit:

> In the absence of legislative history indicating that Congress intended to create a private right of action, both the Sixth and the Second Circuits have refused to imply such a right under [F]OTETA. The Second Circuit also pointed out that in 49 U.S.C. § 46101, [F]OTETA provides an administrative mechanism for bringing grievances and claims arising under the Act. This provision for an administrative remedy weighs against an inference that Congress intended also to create an independent cause of action.

Id. at 87 (citations omitted). Because FOTETA does not provide an adequate remedy for those employees who challenge the drug testing process – besides administrative avenues that contain no indication of an intention by Congress to be exclusive – it does not completely preempt state law claims.

11

Of the eight federal district courts which have discussed complete preemption by FOTETA, only two concluded that such complete preemption existed, and both have since been overturned.[3] There are currently no cases that support a finding of complete preemption by FOTETA or that conclude that the FOTETA provides an adequate remedy to Plaintiff. Accordingly, complete preemption does not apply in the instant case and no federal question jurisdiction exists on this basis.

The Court notes that FOTETA, although it does not completely preempt the field, may be used as a defense. However, it is well-established "that a federal defense does not confer 'arising under' jurisdiction, regardless whether that defense is anticipated in the plaintiff's complaint." Ten Taxpayer Citizens Group v. Cape Wind Associates, LLC, 373 F.3d at 191. See also Fayard v. Northeast Vehicle Services, LLC, 533 F.3d at 45 ("[O]rdinary preemption –

---

[3] Howell v. Lab One, Inc., 243 F.Supp.2d 987 (D.Neb. 2003), rev'd Chapman v. Lab One, 390 F.3d 620 (8th Cir. 2004); Rector v. LabOne, Inc., 208 F.Supp.2d 987 (E.D.Ark. 2002), abrogation recognized by Glisson v. Occupational Health Centers of Arkansas, No. 4:05CV00640JMM, 2005 WL 1922574, at *3 (E.D.Ark. Aug. 10, 2005) ("Therefore, Plaintiff's Complaint does not raise a federal question and this Court does not have original jurisdiction. The Court has carefully considered Rector v. Lab One [...]. However, the Court finds the Chapman case to be a better indicator of the law in this circuit today."). See also Burton v. Southwood Door Co., Mea, Inc., 305 F.Supp.2d 629 (S.D.Miss. 2003); Fifie v. Cooksey, 403 F.Supp.2d 1131 (M.D.Fla. 2005); Koob v. CRH Transp., Inc., No. 4:07 CV 1603 DDN, 2007 WL 4365731 (E.D.Mo. Dec. 10, 2007); Visina v. Wedge Community Co-op, Inc., No. 07-122(DSD/SRN), 2007 WL 2908043 (D.Minn. Oct. 1, 2007).

*i.e.*, that a state claim conflicts with a federal statute – is merely a *defense* and is not a basis for removal.")(emphasis in original). Here, Defendant's reliance on FOTETA is most aptly described as a defense that, without more, cannot create federal question jurisdiction. Although the present action may eventually involve a determination of whether FOTETA is applicable, such eventual determination does not "create a cause of action," but may solely arise in the context of a defense.

In sum, FOTETA is not explicit in warranting express preemption; it does not include a substantial interest in a federal question; and it is not expansive enough to establish complete preemption. Because there is no federal question pleaded or implied in the complaint, this Court has no jurisdiction over the case.

### Conclusion

For the foregoing reasons, and for the reasons stated in open Court at the hearing on August 9, 2012, Sheehan's motion to remand the case back to Rhode Island state court is GRANTED.

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
Date: September 6, 2012